IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JERRY D. LANE, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>TODD JOHNSON and PEOPLES STATE<br>BANK OF CHERRYVALE, KANSAS,<br><br>    Defendants. | Case No. 05-1137-JTM |

**MEMORANDUM AND ORDER**

  This matter comes before the court on the defendants' Motion to Dismiss (Dkt. No. 8). Defendants allege that plaintiff fails to state a claim under 42 U.S.C. § 1983 and that this court lacks jurisdiction. Plaintiff responds that he states a viable claim against defendants even though they are private parties and not traditional state actors for purposes of § 1983. After reviewing the parties' briefs, the court grants defendants' motion.

**I. BACKGROUND**

  On or about May 11, 2005, Jerry D. Lane, Jr. filed a complaint in federal district court. Mr. Lane brought his claim under § 1983 alleging that Todd Johnson and the Peoples State Bank of Cherryvale, Kansas, violated his civil rights. Specifically, plaintiff claims that defendants caused seizure of plaintiff's property, foreclosure of a mortgage on certain real estate and imposition of an injunction preventing plaintiff from operating his business. Complaint ¶ 6. Plaintiff argues that defendants persuaded Montgomery County Sheriff's Department officers to

search plaintiff's property for certain personalty and drugs. Complaint ¶ 6. Plaintiff further contends that defendants "filed criminal charges" against plaintiff causing him to be arrested and detained in jail. Complaint ¶ 7.

Plaintiff states that the Montgomery County Attorney's Office dismissed the original charges leveled against him but that defendants' alleged insistence caused the attorney's office to rearrest, fingerprint and process plaintiff on substantially the same charges nearly twenty months later. Complaint ¶ 8. On December 7, 2004, plaintiff claims that a 12-person jury found him not guilty of the charges which had been leveled against him. Complaint ¶ 10.

Because of defendants' action, plaintiff complains he has been wrongfully arrested and detained, suffered severe damage to his reputation, and experienced violation of his civil rights. Complaint ¶ 11. Plaintiff claims that defendants acted "individually and in concert with each other under the pretense and color of state law without lawful authority" (Complaint ¶ 15) in violation of plaintiff's constitutional rights and 42 U.S.C. §§ 1983 and 1988.

## II. MOTION TO DISMISS

Although defendants do not state the rule under which they bring their motion, the court considers motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

### A. Standard Under Rule 12(b)(6)

"A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling [him] to relief under [his] theory of recovery." Poole v. County of Otero, 271 F.3d 955, 957 (10th Cir. 2001) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The court must accept all the

well-pled allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Boyd v. Runyon, No. 94-1557-JTM, 1996 WL 294330, at *1 (D. Kan. May 23, 1996) (citing Williams v. Meese, 926 F.2d 994 (10th Cir. 1991)). "The [c]ourt, however, need not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions." Fugate v. Unified Gov't of Wyandotte, 161 F. Supp. 2d 1261, 1263 (D. Kan. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

**B. Standard Under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." Scheideman v. Shawnee County Bd. of County Comm'rs,, 895 F. Supp. 279, 280 (D. Kan.1995) (citing Basso v. Utah Power and Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); Fed. R. Civ. P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. Id. When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. Jensen v. Johnson County Youth Baseball, 838 F. Supp. 1437, 1439-40 (D. Kan. 1993).

Jurisdictional challenges under Rule 12(b)(1) typically take two forms: facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations. Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995). "A facial attack questions the sufficiency of the allegations in the complaint as they relate to subject-matter jurisdiction." Goslin v. Kickapoo Nation Dist. Ct., No. 98-4107-SC, 1998 WL 1054223, at *1

3

(D. Kan. Dec. 2, 1998). The Tenth Circuit has stated that "a district court must accept the allegations in the complaint as true" when reviewing a facial attack on a complaint. Holt, 46 F.3d at 1002.

## III. ANALYSIS

Plaintiff's theory of recovery espouses that defendants were acting under "color of state law" and thus plaintiff is entitled to recovery under § 1983. Defendants, however, argue that plaintiff fails to state a claim under § 1983 because Mr. Johnson is a private individual and the bank is a private entity.

Section § 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage...subjects or causes to be subjected, any citizen of the United States or other person...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. Thus, to state a claim under § 1983, a party must allege that defendants deprived him of a federal right and that defendants acted under color of law. Johnson v. Rodriguez, 293 F.3d 1196, 1202 (10th Cir. 2002) (citing Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). For the purposes of this analysis, the court assumes that plaintiff has alleged a violation of a federal right. Therefore, the court proceeds directly to the issue of whether the defendants' action constitutes state action.

Although § 1983 actions are typically brought against state officers or employees, the language of § 1983 and this Circuit's interpretation of this language permit plaintiffs to bring actions against private persons acting under color of law. Id. at 1202. To determine whether a private person's action constitutes state action, the court employs a two-part test:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible … Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

Id. at 1202 (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)).

To help decipher which private parties may be considered state actors, the Tenth Circuit has outlined four tests: 1) the public function test; 2) the nexus test; 3) the symbiotic relationship test; and 4) the joint action test.  Gallagher v. "Neil Young Freedom Concert," 49 F.3d 1442 (10th Cir. 1995). Taking a flexible approach to these tests, the court inquires whether the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the [s]tate" and whether the alleged deprivation of constitutional rights was "caused by exercise of some right or privilege created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible."  Id. at 1447.  The tests require a fact specific inquiry to determine which test should most appropriately be applied.  Id. at 1448.  Plaintiff's brief only discusses the joint action test, so the court focuses its discussion on this test.

Under the joint action test, a court will find state action when a private party is a "willful participant in joint action with the state or its agents."  Dennis v. Sparks, 449 U.S. 24, 27 (1980). A § 1983 claim may arise when a private party acts "in concert" with (i.e., conspires with) state officials in effecting a particular deprivation of constitutional rights."  See Anaya v. Crossroads Managed Care Systems, Inc., 195 F.3d 584, 596 (10th Cir. 1999).  "[I]t must be shown that the private person was jointly engaged with state officials in the challenged action, or has obtained

5

significant aid from state officials, or that the private individual's conduct is in some other way chargeable to the State." Pino v. Higgs, 75 F.3d 1461, 1465 (10th Cir. 1996) (quoting Lee v. Town of Estes Park, 820 F.2d 1112, 1114 (10th Cir. 1987). However, "an individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon." Jones v. Wal-Mart Stores, Inc., 33 F.3d 62 (Table), 1994 WL 387887, at *3 (10th Cir. 1994) (citing Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir. 1983). The mere fact that a private party furnished information, even if false, is not sufficient to constitute joint activity with state officials to state an actionable claim under § 1983. Young v. Arkansas Children's Hospital, 721 F. Supp. 197, 198 (E.D. Ark 1989). For § 1983 liability to attach to the reporting party, the arrest must have stemmed from "concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." Gallagher, 49 F.3d at 1454. In other words, the private individuals or entities must "share a common, unconstitutional goal. Areco v. City of Junction City, Kansas, 182 F. Supp. 2d 1062, 1084 (D. Kan. 2002). The mere acquiescence of a state official in the actions of a private party is not sufficient. See Gallagher, 49 F.3d at 1453.

Based on the affidavits submitted, the court does not find the standards of a joint action test satisfied. First, the court does not find that defendants' actions may be considered "under the color of state law." While Mr. Johnson filed and signed a complaint and participated in white collar crime cases against Mr. Lane, this does not in itself create § 1983 liability. The affidavit of F. William Cullins, acting County Attorney of Montgomery County, Kansas, asserts that the county has a policy of not conducting independent investigations in white collar crime cases.

However, the facts as set out in the complaint indicate that the county exercised independent judgment in its searches and decision to prosecute.

In regard to the searches, although the police may have secured a search warrant based on Mr. Johnson's statements, Mr. Johnson does not control the execution of the warrant or any discovery of contraband in plaintiff's house or place of business. Clearly, police officers conducted the actual search (even if Mr. Johnson may have been present), and there is no indication that the searches were an abuse of state power. It is the evidence obtained from the searches that determines whether officers will arrest. Mr. Johnson did not make this determination.

In relation to prosecuting the white collar crime cases, the county took different actions in the two cases filed. In 2002, the county did not prosecute Mr. Lane, despite Mr. Johnson's filing of a complaint and willingness to assist in the prosecution. While the county may have not undertaken any independent investigation of the case, it was not beholden to a private citizen's assessment of the facts. In its decision to "dismiss" the first case, the county exercised sufficient independent judgment so as to distinguish its actions from those of a private citizen. In the second case, the county chose to prosecute. Despite the county's policy, it reached different decisions in each case. The lack of an independent investigation does not transform defendants into the putative state actors since the facts indicate that the county exercised independent judgment on whether to prosecute.

Next, the court cannot infer a conspiracy based on the documents plaintiff submitted. Mr. Cullins' affidavit states that Mr. Johnson caused the commencement of the prosecution in two criminal cases and that law enforcement conducted no independent investigation of the charges.

From this statement, the court cannot infer a conspiracy.  It cannot be said that the state officials and Mr. Johnson shared a common, unconstitutional goal. While defendants' actions may have caused the commencement and eventual prosecution of one case, the county did not substitute a private citizen's judgment for its own.  Rather, Mr. Johnson had to insist on prosecution in the second case, indicating that, at best, the state acquiesced.  The facts do not indicate that the state and defendants shared a specific goal to violate plaintiff's constitutional rights by engaging in a particular course of action.  See Gallagher, 49 F.3d at 1455.  Under these circumstances, the court cannot find a conspiracy to establish joint action.  Since the county exercised independent judgment and there is no evidence of a conspiracy, plaintiff's claims for unlawful searches and seizures, malicious prosecution, and unlawful arrest are not actionable under § 1983.

With no jurisdiction based on federal question, this court lacks subject matter jurisdiction. The court also lacks jurisdiction based on diversity and thus cannot hear any remaining state law claims.  While the court is empathetic to plaintiff's predicament, the court does not have the power to expand its limited jurisdiction.  Thus, the court dismisses this action.

IT IS ACCORDINGLY ORDERED this 6th day of September 2005, that the court grants defendants' Motion to Dismiss (Dkt. No. 9).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE